WALTER L. McDERMOTT, PROSECUTOR, v. SINKING FUND COMMISSIONERS OF JERSEY CITY.

Submitted March 23, 1903—Decided June 8, 1903.

The "sinking fund of 1873" of Jersey City is not pledged to the redemption of any specific bonds, and the sinking fund commissioners of Jersey City have power under the act of 1895 (*Pamph. L.*, p. 69) to cancel bonds of the city held in that fund.

On *certiorari*.

Before Justices Dixon, Garrison and Swayze.

For the prosecutor, *Allan L. McDermott.*

For the defendants, *George L. Record.*

The opinion of the court was delivered by

SWAYZE, J.   The object of this proceeding is to set aside a resolution of the sinking fund commissioners of Jersey City canceling bonds of the city held by the commissioners. The bonds canceled amount to $68,064.42.   The resolution was passed November 18th, 1902.   Prior to that date all of the bonds, except one for $2,500, had been held by the commissioners for certain sinking funds which were especially appropriated for the ultimate redemption of specific issues of bonds and known by several different names.   Upon that date the commissioners had in a fund known as the "Sinking Fund of 1873" securities of the par value of $2,500 and cash to the amount of $68,332.64.   Sixty thousand dollars of the cash came from fees for liquor licenses received by the city after July 1st, 1902, and appropriated to the "Sinking Fund of 1873" by a resolution of the board of finance, adopted July 25th, 1902.   On November 18th, 1902, the sinking fund commissioners first passed a series of resolutions for the purchase for the "Sinking Fund of 1873" of the bonds in question from the sinking funds for which the bonds were then held.   The effect was to transfer the cash to the other sinking funds, and to transfer the bonds to the sinking fund of 1873.   At the same time they bought the $2,500 bond of a private corporation.   Thereupon the commissioners passed the resolution removed by the writ of *certiorari,* canceling these bonds.

In substance, the action complained of was the payment of these bonds to the extent of $60,000 out of the money derived from license fees, and to the extent of $8,000 out of other assets of the sinking fund of 1873.

Some of the canceled bonds had been issued to procure money for the ordinary expenses of the city.   Some had been authorized by statutes which provided for the payment of

the bonds by money raised in the next tax levy. All had been issued under statutes, which, in different language, required the bonds authorized thereby to be paid by taxation.

It is contended on the part of the prosecutor that the action of the sinking fund commissioners is in effect a payment of current expenses out of bonds instead of the annual tax levy, and is an evasion of the statutes requiring bonds to be met by taxation.

The action of the sinking fund commissioners now questioned is the cancellation only. Their right to transfer these bonds from the other sinking funds in return for the cash is not questioned.

As to the contention that the bonds should have been met by taxation, it was no part of the duty of the sinking fund commissioners to make up the tax levy. That duty devolved upon another body. If the board of finance, in fixing the appropriations for the fiscal year, ought to have appropriated $68,000 more for the payment of bonds than they actually appropriated, their action cannot be reviewed in this proceeding.

It is difficult to see how the prosecutor, a taxpayer of Jersey City, is injured by the action of the sinking fund commissioners. He is no worse off by having the bonds canceled than he would be by having them uncanceled. If he is injured at all, it is by the failure of the municipal authorities to raise as much by taxation as they should raise with a view to the redemption of bonds at maturity; but this failure of the municipal authorities is not the result of any act or neglect of the commissioners, and would not be remedied by setting aside the resolution now drawn in question. The prosecutor is not a bondholder complaining of a misuse of the funds held in trust for the ultimate payment of his bonds. What the prosecutor complains of is substantially the administration of city affairs by boards other than the sinking fund commissioners, and the object of this proceeding is, indirectly, to compel the other boards to do what the prosecutor claims is their statutory duty.

We think that the act of 1895 (*Pamph. L., p.* 69; *Gen. Stat., p.* 716, § 1232) authorized the action taken. That act authorizes the sinking fund commissioners in a city whose municipal debt exceeds fifteen per cent. of the assessed valuation of real and personal property "to cancel all bonds that have been or may hereafter be purchased by them for the redemption of the debts of such city, notwithstanding such bonds may not be by their terms due and payable at the time of such purchase." This act is attacked because it is said to violate the constitutional provision against laws impairing the obligation of contracts. The answer to this argument is that no contract appears to be impaired; the sinking fund of 1873 is not pledged to the redemption of any particular bonds. The sinking fund of 1873 was created by a supplement to the city charter approved March 24th, 1873. *Pamph. L., p.* 402. It appropriates certain receipts to the "sinking fund of Jersey City," and provides "that said sinking fund shall be used exclusively to satisfy bonds of Jersey City." We think it is so used when bonds are bought, as in this case, and canceled before maturity. It is true that there are yet outstanding $550,000 of city bonds issued prior to 1873, but it is not even contended that the sinking fund of 1873 is limited to the redemption of that debt. The argument is that the sinking fund cannot be used to pay bonds issued under acts directing that they shall be paid by insertion of the amounts in annual tax levies. We see no reason why the powers of the sinking fund commissioners should be denied merely because other municipal authorities are required to provide means of payment.

The object of the sinking fund is to discharge the city debt, and it can make no difference what debt is discharged, provided the bonds canceled have not been pledged for the payment of other bonds.

The resolution should be affirmed, with costs.